IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE GENE JACKSON, | § | |
| a/k/a LAWRENCE GENE PAGE, | § | |
| #23003214, | § | |
| Plaintiff, | § | |
| | § | No. 3:23-cv-01246-G (BT) |
| v. | § | |
| | § | |
| FNU HENDERSON, et al., | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Lawrence Gene Jackson, a state prisoner, filed this *pro se* civil rights action. Having screened Jackson's complaint, the undersigned recommends that the complaint be DISMISSED as barred by the three strikes provision of 28 U.S.C. § 1915(g).

The "three strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2017). Section 1915(g) "comports with the PLRA's effort 'to filter out the bad claims filed by prisoners and facilitate consideration of the good.'" *Brown v. Megg*, 857 F.3d 287, 291 (5th Cir. 2017) (quoting *Coleman v. Tollefson*, 575 U.S. 532, 135 S. Ct. 1759, 1762 (2015)).

1

Jackson has accrued three strikes under § 1915(g). Before filing this complaint, and while he was incarcerated as a prisoner, Jackson filed at least three civil cases or appeals that were dismissed as frivolous or for failure to state a claim under 28 U.S.C. § 1915(e). *See Jackson v. Sheriff Brown*, Case No. 3:22-cv-2408-G-BT (N.D. Tex. May 3, 2023) (**"The dismissal of this case counts as the plaintiff's third "strike" for purposes of 28 U.S.C. § 1915(g)."**); *In Re Lawrence Gene Jackson*, Case No. 22-11077 (5th Cir. 2023) (his motion for authorization to file a second or successive § 2254 application was denied, and the Court "WARNED" Jackson about sanctions for additional frivolous, repetitive, or otherwise abusive filings); *Jackson v. Dallas Cnty. Jail, et al.*, Case No. 3:21-cv-00149-G-BT (N.D. Tex. Oct. 27, 2021) (his civil rights action was dismissed under 28 U.S.C. §§ 1915A and 1915(e)(2)(B), and the Court determined that the dismissal counted as a "strike" under § 1915(g)). Because Jackson has accrued three strikes, § 1915(g) precludes him from proceeding in this action *in forma pauperis* unless he alleges that he is in "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam).

Here, Jackson alleges that officers are bringing drugs into the jail, and an "assault attempt [was] made on [his] life on 12-24-2020" when he was locked up with "capital murder cases." Compl. 1 (ECF No. 2). He generally concludes that he has been "telling yall [his] life is in danger," but he does

2

not allege that he was in imminent danger of serious physical injury at the time he filed his complaint. Jackson is therefore barred from proceeding *in forma pauperis* under § 1915(g).

## Recommendation

The Court should DISMISS this civil action as barred by the three-strikes provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to the refiling of an *in forma pauperis* complaint raising the same claims as presented here, but without prejudice to refiling his complaint with full payment of the $402.00 filing fee.

Signed June 2, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).